LOUIS SEELIGSON ET AL. v. DE WITT COUNTY.

(No. 1430, Op. Book No. 2, p. 660.)

APPEAL from De Witt County. Opinion by WILLSON, J.

§ 820. *Bond for the hire of a county convict; rules in relation to statutory bonds.* De Witt county recovered judgment against appellants upon a bond executed by them for the hire of a county convict. It is contended by appellants that the bond is not in conformity with the statute, and is void. While there are defects in the bond, they are not of such a character as to vitiate it and release the appellants from liability. Two of the condi-

tions provided by the statute for such bonds are omitted, viz., those mentioned in subdivisions 3 and 4 of article 3604, Rev. Stats. In all other respects the bond is in substantial compliance with the statute. It is a general rule that statutory bonds, when directed to be made in a particular mode, must be made in pursuance with that mode; but this rule is subject to modifications. It is laid down that, to render a bond void for want of conformity to a statute, it must be made so by express enactment or must be intended as a fraud on the obligors, by color of law, by an evasion of the statute [Janes v. Reynolds, 2 Tex. 250], or be more onerous than is required by the statute. [Johnson v. Erskine, 9 Tex. 1.] In the present case the omission of the two conditions mentioned renders the bond less onerous upon the obligors than required . by statute, and certainly they cannot be heard to complain that for this reason the bond is void. [Justices v. Wynn, Dudley (Ga. R.), 22.]

January 10, 1883.                                      Affirmed.